**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert D. Maguire,<br><br>             Plaintiff,<br><br>v.<br><br>Cathleen A. Coltrell, et al.,<br><br>             Defendants. | No. CV-14-01255-PHX-DGC<br><br>**ORDER** |

Plaintiff Robert D. Maguire moves to amend his complaint against Defendants Cathleen A. Coltrell and John Carmichael to include the claim of unjust enrichment, as well as adjust the amounts of alleged compensation and damages claimed. Doc. 19. Defendants oppose the motion, asserting the proposed unjust enrichment claim is "improperly pled and fails as a matter of law." Doc. 21 at 1. The motion is fully briefed and no party seeks oral argument. The Court will grant the motion.

**I.    Background**

Plaintiff alleges the following facts in his proposed amended complaint. *See* Doc. 19-1. In January 2006, Plaintiff and Coltrell began living together at a house Coltrell owned (the "Justine House"). *Id.*, ¶ 6. Plaintiff immediately began to pay Coltrell $1,500 per month, which Coltrell principally used to retire the mortgage that encumbered the house. *Id.* Plaintiff and Coltrell formed a real estate development joint venture ("Maguire-Coltrell JV"), in which they were equal partners. *Id.*, ¶¶ 2, 7. Plaintiff and Coltrell intended hold the Justine House as an investment for their joint venture. *Id.*

1 In 2008, Plaintiff suffered the failure of a business, known as Advanced Telemanagement Group, Inc. ("ATG"), in which he had partial ownership. *Id.*, ¶ 8. In the summer of 2008, hoping to deter ATG's creditors from pursuing legal action against him, Plaintiff transferred some amount of his personal property to Coltrell and had the property recorded in her name. *Id.*, ¶ 9. It was the intent of the parties that the Maguire-Coltrell JV would own the transferred property, and the property would remain available for use by Maguire-Coltrell JV. *Id.*

In 2009, Maguire-Coltrell JV purchased another property, the "Milton House." *Id.*, ¶ 10. While attempting to obtain financing to purchase the Milton House, a third party's legal action against Plaintiff's ex-wife temporarily damaged Plaintiff's credit score. *Id.*, ¶ 12. Rather than delay the financing process, Plaintiff and Coltrell agreed to purchase the Milton House solely in Coltrell's name. *Id.* It was the intent of the parties that Plaintiff and Coltrell would own the Milton House equally, and hold it for the benefit of Maguire-Coltrell JV. *Id.* Plaintiff contributed financially to the purchase of the Milton House, providing $104,000 toward the $160,000 down payment and $339,047 total. *Id.*, ¶ 13. In July of 2009, Plaintiff and Coltrell moved into the Milton House following its renovation. *Id.*, ¶ 15.

In February 2013, while Plaintiff was out of the country, Coltrell notified him by telephone that she had met another man, Defendant Carmichael, and intended to pursue a relationship with him. *Id.*, ¶ 16. Following Plaintiff's return to Arizona, Coltrell asked Plaintiff to move out of the Milton House, and Plaintiff did so. *Id.* Shortly after Plaintiff moved out, Coltrell and Carmichael were married and they lived in the Milton House until moving to Colorado. *Id.*

Coltrell sold the Justine House in June of 2013 and the Milton House in September of 2013. *Id.*, ¶¶ 18-19. Plaintiff asserts that the sale of both houses, in addition to the sale of the personal property Plaintiff transferred to Coltrell in 2008, "effected a de facto dissolution of the joint venture." *Id.*, ¶ 20. Plaintiff demanded that Coltrell distribute the money he is due from the liquidation of Maguire-Coltrell JV, but Coltrell has refused and

continues to withhold all proceeds. *Id.*

On May 7, 2014, Plaintiff brought this action against Defendants in the Maricopa County Superior Court. Doc. 1. On June 6, 2014, Defendants removed the action to this Court. *Id.* Plaintiff filed this motion to amend on October 13, 2014. Doc. 19.

## II. Legal Standard

Under Rule 15, the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy in favor of leave to amend must not only be heeded, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it must be applied with extreme liberality, *see Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir. 2001). This liberality "is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). The Court may deny a motion to amend if there is a showing of undue delay or bad faith on the part of the moving party, undue prejudice to the opposing party, or futility of the proposed amendment. *See Foman*, 371 U.S. at 182. Generally, however, "this determination should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

## III. Analysis

Plaintiff's proposed amended complaint seeks, in part, to add a claim of unjust enrichment. Doc. 19-1, ¶¶ 37-38. Plaintiff's motion to amend is timely, and there is no allegation of bad faith. Defendants contend that the Court should deny the motion as futile, claiming the proposed amended complaint alleges only the first of five elements required for unjust enrichment. Doc. 21 at 2. The Court disagrees.

"[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988); *see Foman*, 371 U.S. at 182 (stating that "[i]f the underlying facts or circumstances relied upon by a [movant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits"); *DCD Programs*, 833 F.2d at 186 (stating

- 3 -

that "a motion to make an '[a]mendment is to be liberally granted where from the underlying facts or circumstances, the plaintiff may be able to state a claim'") (quoting *McCartin v. Norton*, 674 F.2d 1317, 1321 (9th Cir. 1982)).

"To establish a claim for unjust enrichment, a claimant must show (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) the absence of justification for the enrichment and the impoverishment; and (5) the lack of legal remedy." *Loiselle v. Cosas Management Group, LLC*, 228 P.3d 943, 946 (Ariz. Ct. App. 2010). Plaintiff alleges Defendant was enriched (Doc. 19-1, ¶¶ 18-23), and Plaintiff was impoverished (*Id.*, ¶¶10-14, 18-23), by the sale of property in which Plaintiff had invested and held an ownership interest (*id.*), and that Defendant is "wrongfully withholding" Plaintiff's share of the proceeds from those sales (Doc. 19-1, ¶ 20). Plaintiff has alleged sufficient facts to state a claim for unjust enrichment.

**IT IS ORDERED** that Plaintiff's motion to amend his complaint (Doc. 19) is **granted**. Plaintiff shall file the amended complaint on or before **November 21, 2014.**

Dated this 10th day of November, 2014.

_____
David G. Campbell
United States District Judge