**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert D. Maguire, | No. CV-14-01255-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Cathleen A. Coltrell, et al., | |
| Defendants. | |

Defendants Cathleen Coltrell and John Carmichael have filed a counterclaim for civil extortion against Plaintiff Robert Maguire, alleging violations of A.R.S. § 13-1804(6). Doc. 38 at 10. Plaintiff moves to dismiss the counterclaim pursuant to Rule 12(b)(6), asserting that it is barred by the statute of limitations. Doc. 34. The motion is fully briefed and no party seeks oral argument. The Court will grant the motion.

**I.     Background.**

Defendants assert the following facts in their answer to Plaintiff's amended complaint. Doc. 38. In January 2006, Plaintiff and Coltrell began living together at a house Coltrell owned (the "Justine House"). *Id.* at 1. Plaintiff immediately began to pay Coltrell $1,500 per month, which Coltrell used in part to retire the mortgage that encumbered the house. *Id.* Plaintiff and Coltrell agreed to a "reasonable cost-sharing aspect to the arrangement when [Plaintiff] moved into the Justine House." *Id.* at 2.

In 2008, Plaintiff suffered the failure of a business, and certain personal property was recorded in Coltrell's name. *Id.* In 2009, Coltrell purchased another property (the "Milton House") where both Plaintiff and Coltrell "took an active part" of negotiations

and renovation oversight.  *Id.*  While attempting to obtain financing to purchase the Milton House, a third party's legal action against Plaintiff's ex-wife damaged Plaintiff's credit score and Coltrell agreed to purchase the Milton House solely in her name.  *Id.*  Plaintiff contributed financially to the purchase of the Milton House.  *Id.* at 3.  Plaintiff claims he provided $104,000 toward the $160,000 down payment.  *Id.*  In July of 2009, Plaintiff and Coltrell moved into the Milton House following its renovation.  *Id.*

In February of 2013, while Plaintiff was out of the country, Coltrell notified him by telephone that she had met another man, Defendant John Carmichael, and that she intended to pursue a relationship with him.  *Id.*  Following Plaintiff's return to Arizona, Coltrell asked Plaintiff to move out of the Milton House.  *Id.*  Shortly after Plaintiff moved out, Coltrell and Carmichael were married.  *Id.*

On March 10, 2013, Coltrell received an email from Plaintiff in which she claims he accepted her settlement offer of $25,000 to resolve all of his claims and right to payment.  *Id.* at 7, 17.  Coltrell paid Plaintiff the $25,000.  *Id.* at 7.

On April 11, 2013, Coltrell received another email from Plaintiff (the "April 2013 email") demanding further payment of $50,987.86.  *Id.* at 10, 19.  The April 2013 email threatened to distribute personal and private information about Coltrell unless she paid the demand by April 29, 2013.  *Id.*  In response, Coltrell's attorney sent Plaintiff a letter informing him that Coltrell was represented by counsel and instructing him not to contact her directly again.  Doc. 40 at 24.

Coltrell sold the Justine House for $412,000 in June of 2013, and the Milton House for $800,000 in September of 2013.  Doc. 38 at 4-5.  In December of 2013, Plaintiff hired attorney David Carmichael on the recommendation of another attorney.  Doc. 41-1 at 2.  On April 1, 2014, Plaintiff's attorney sent a demand letter directly to Coltrell.  Doc. 40 at 4.  The letter requested an accounting of assets and expressed hope that the matter could be settled without litigation.  *Id.* at 18.

On May 7, 2014, Plaintiff brought this action against Defendants in Maricopa County Superior Court.  Doc. 1.  Defendants removed the action to this Court and filed

their answer and counterclaims. *Id.*; Doc. 4. Plaintiff has amended his complaint once. Doc. 33. Defendants have amended their answers and counterclaims twice. Docs. 7, 38.

## II. Legal Standard.

"[T]he statute of limitations defense . . . may be raised by a motion to dismiss . . . [i]f the running of the statute is apparent on the face of the complaint." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (citing *Graham v. Taubman*, 610 F.2d 821 (9th Cir. 1979)). The "'complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)).

## III. Analysis.

Plaintiff asserts that Defendants' civil extortion counterclaim was filed beyond the one-year statute of limitations in A.R.S. § 12-541(5). Doc. 34. Defendants do not dispute that a one-year limitation period applies. *See* Doc. 40. The April email, which serves as the basis of Defendants' civil extortion claim, was sent on April 11, 2013. Doc. 38 at 10. Defendants first filed their counterclaim for civil extortion more than 14 months later on June 23, 2014. Doc. 4.

Defendants oppose Plaintiff's motion for two reasons: (1) Plaintiff's violation of A.R.S. § 13-1804 was a continuing violation that should toll the statute of limitations, and (2) the Court must treat Defendants' extortion claim as a recoupment defense that is not subject to the statute of limitations. *See* Doc. 40. These arguments are not persuasive.

First, Plaintiff's actions do not support a continuing violation. The theory of continuing violations is an equitable doctrine that "prevent[s] a defendant from using its earlier conduct to avoid liability for later illegal conduct of the same sort." *O'Loghlin v. Cnty. of Orange,* 229 F.3d 871, 875 (9th Cir. 2000). To establish a continuing violation, the asserting party must show a series of related acts, one or more of which falls within the limitations period. *Green v. L.A. Cnty. Superintendent of Sch.*, 883 F.2d 1472, 1480 (9th Cir. 1989). A "continuing violation" is occasioned by continual unlawful acts, not

by continual ill effects from an original violation. *Ward v. Caulk,* 650 F.2d 1144, 1147 (9th Cir. 1981). Defendants' claim falls short of this standard.

Defendants assert that Plaintiff's continuing acts of extortion are demonstrated by the following facts: (1) Plaintiff hired David Carmichael, a cousin of John Carmichael, as his attorney; (2) David Carmichael sent a demand letter to Coltrell on her anniversary; (3) David Carmichael showed a private photograph to Coltrell at her deposition in order to demonstrate Plaintiff's knowledge of, and access to, her personal life; and (4) David Carmichael sent a letter directly to Coltrell when she was represented by counsel, and the letter made reference to the "intrusive nature of litigation." Doc. 40 at 3-4. These litigation-related events do not allege unlawful behavior by Plaintiff, much less continual unlawful behavior. The Court concludes that the limitations period for the extortion counterclaim was not tolled by these activities. The claim is therefore barred by the one-year statute of limitations.

Although not raised by Plaintiff, the Court also seriously doubts that the criminal statute relied on by Defendants, A.R.S. § 13-1804(6), gives rise to a civil cause of action. Under Arizona law, "no private cause of action should be inferred based on a criminal statute where there is no indication whatsoever that the legislature intended to protect any special group by creating a private cause of action by a member of that group." *Phoenix Baptist Hosp. & Med. Ctr., Inc. v. Aiken*, 877 P.2d 1345, 1350 (Ariz. App. 1994). Section 13-1804(6) contains no indication that the legislature had such intent.

Nor does Defendants' civil extortion claim constitute a recoupment defense. A recoupment defense must arise from the existence of "some feature of the transaction upon which the plaintiff's action is grounded." *Aetna Finance Co. v. Pasquali*, 626 P.2d 1103, 1105 (Ariz. App. 1981). Where a lawsuit, like this one, is based on claims such as breach of contract, the recoupment defense must "arise out of mutual obligations or covenants of the . . . transaction upon which [the] suit [is] founded." *Id.* Defendants' civil extortion claim does not arise out of the dealings between Plaintiff and Coltrell before their relationship ended, "but is an affirmative action which exacts a penalty for an

independent wrong." *Id.* It therefore is not a recoupment defense. *Id.*

Defendants ask the Court to permit them to amend their counterclaim to allege that "Plaintiff continued his campaign of extortion by continuing to threaten Cathleen Carmichael in 2014." Doc. 40 at 6. For reasons explained above, this amendment would not save the counterclaim. The motion to amend will therefore be denied.

**IT IS ORDERED**

1. Plaintiff's motion to dismiss (Doc. 34) is **granted**.
2. Defendant's motion to amend (Doc. 40) is **denied**.

Dated this 4th day of February, 2015.

_____
David G. Campbell
United States District Judge