**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert D. Maguire, | No. CV-14-01255-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Cathleen A. Coltrell, et al., | |
| Defendants. | |

Defendant John Carmichael has filed a motion for final judgment and a motion for attorneys' fees. Docs. 63, 64. The motions are fully briefed, and neither party has requested oral argument. The Court will deny the motion for final judgment and grant the motion for attorneys' fees.

**I.  Background.**

In May 2014, Plaintiff Robert Maguire brought suit against Defendants John Carmichael and Kathleen Coltrell, husband and wife, for breach of an alleged oral partnership agreement formed between Maguire and Coltrell during their relationship. Doc. 1-1. On April 30, 2015, the Court dismissed Carmichael for lack of personal jurisdiction, finding that he lacked minimum contacts with Arizona and that he was not subject to personal jurisdiction simply due to his marriage to Coltrell. Doc. 60 at 7. Plaintiff's claims against Coltrell for breach of contract, an accounting, breach of fiduciary duty, and unjust enrichment remain pending, and a final pretrial conference has

been set.  Doc. 62.  Carmichael now moves for entry of a final judgment in his favor and for the attorneys' fees he incurred in defending himself in this action.  Docs. 63, 64.

**II.     Motion for Final Judgment.**

Rule 54(b) provides that when more than one claim for relief is presented in an action, or when multiple parties are involved, the district court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties "only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b). The entry of such judgments "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties."  *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

Carmichael argues that entry of a final judgment is appropriate because he has been dismissed from the case and "it does not make sense for [him] to be burdened with waiting for an eventual final order, monitoring this case further or incurring the expenses to do so, especially since he lives in Colorado and has no contacts with Arizona." Doc. 63 at 2.  Carmichael also asserts this will aid the "expeditious decision" of the case.

The Court finds that this is not the "unusual case" where the pressing needs of a litigant outweigh the need to avoid multiple proceedings.  *See Archer*, 655 F.2d at 965; *see also Sanchez v. Maricopa Cnty.*, No. CV 07-1244-PHX-JAT, 2008 WL 2774528, at *1 (D. Ariz. July 14, 2008) ("The Court finds that this is not the rare case that justifies sending up piecemeal appeals to the Circuit Court.  Plaintiff has not shown the sort of pressing needs contemplated by a grant of a 54(b) motion, and denial of his motion will not lead to a harsh or unjust result.").  This case has progressed through the summary judgment stage, trial likely will commence in the next few months, and Carmichael does not identify any hardship he will suffer as a result.  Refraining from entering judgment until after trial will ensure that piecemeal appeals are avoided.  *See Blair v. Shanahan*, 38 F.3d 1514, 1522 (9th Cir. 1994).

1  **III.    Motion for Attorneys' Fees.**

2  "In any contested action arising out of a contract, express or implied, the court
3  may award the successful party reasonable attorney fees." A.R.S. § 12-341.01(A). The
4  trial court has discretion regarding an award of attorneys' fees. *See Wilcox v. Waldman,*
5  744 P.2d 444, 450 (Ariz. Ct. App. 1987). Carmichael seeks $18,639.88 in fees under
6  § 12-341.01(A).

7  **A.    Does § 12-341.01 Apply?**

8  Plaintiff argues that fees cannot be awarded under § 12-341.01 because
9  (1) Carmichael is not the prevailing party, (2) no contract claims were alleged against
10 Carmichael, and (3) Plaintiff did not assert any claims against Carmichael, but instead
11 included him only as a procedural technicality. Carmichael asserts that the case involved
12 claims arising out of a breach of an oral partnership agreement and that he was the
13 prevailing party because he was dismissed from the case. The Court agrees.

14 First, Carmichael prevailed for purposes of the Arizona statute because the Court
15 dismissed him from the suit for lack of personal jurisdiction. That Carmichael did not
16 prevail on the merits of the claims is not controlling. *See Britt v. Steffen*, 205 P.3d 357,
17 359 (Ariz. Ct. App. 2008) (noting that "the defendant is still considered a 'successful
18 party' for purposes of A.R.S. § 12-341.01(A) even though such a dismissal does not
19 operate as an adjudication upon the merits"). The case upon which Plaintiff relies, *Harris*
20 *v. Stonecrest Care Auto Center, LLC*, 559 F. Supp. 2d 1088, 1090 (S.D. Cal. 2008), is
21 inapposite because it involved attorneys' fees sought under the Americans with
22 Disabilities Act ("ADA"). Ninth Circuit case law holds that a defendant cannot be a
23 prevailing party under the ADA if the suit is dismissed for jurisdictional reasons. *Id.*
24 Arizona law provides otherwise with respect to § 12-341.01.

25 Second, this case arises out of contract. The crux of Plaintiff's complaint is that
26 Coltrell breached an implied-in-fact partnership agreement formed during their
27 relationship, which sounds in contract under Arizona law. *See Barmat v. John & Jane*
28 *Doe Partners A-D*, 747 P.2d 1218, 1222 (Ariz. 1987) ("Where, however, the duty

breached is not imposed by law, but is a duty created by the contractual relationship, and would not exist 'but for' the contract, then breach of either express covenants or those necessarily implied from them sounds in contract."). Had Plaintiff established the existence of the alleged agreement, Carmichael would have been subject to liability even though he is not alleged to have actually breached the agreement himself. "But for" the underlying partnership agreement, no cause of action would exist. *See In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 837 (9th Cir. 2001).

Third, contrary to Plaintiff's claim, the complaint directly implicates Carmichael. The complaint alleges that Coltrell breached the contract while she was married to Carmichael and that the breach was "for the benefit of Coltrell and her marital community." Doc. 1-1, ¶ 5. Plaintiff's complaint sought to hold Carmichael liable as part of the marital community; Plaintiff did not include him merely as a technicality.

## B. Analysis of Factors.

To determine whether to award attorneys' fees, courts consider the merits of the unsuccessful party's claim, whether the successful party's efforts were completely superfluous in achieving the ultimate result, whether assessing fees against the unsuccessful party would cause extreme hardship, whether the successful party prevailed with respect to all relief sought, whether the legal question presented was novel or had been previously adjudicated, and whether a fee award would discourage other parties with tenable claims from litigating. *Am. Const. Corp. v. Philadelphia Indem. Ins. Co.*, 667 F. Supp. 2d 1100, 1106-07 (D. Ariz. 2009) (citing *Assoc. Indem. Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985)). No single factor is determinative. *See Velarde v. PACE Membership Warehouse, Inc.*, 105 F.3d 1313, 1319-20 (9th Cir. 1997).

Carmichael argues that each factor weighs in favor of an award of attorneys' fees. Plaintiff addresses only the hardship factor. He claims that he has not fully recovered financially from losing the approximately $220,000 he paid to Coltrell under the alleged partnership agreement. Doc. 65-1, ¶ 4. Plaintiff does not dispute any of the factors, and the Court finds they weigh in favor of an award of attorneys' fees.

First, Plaintiff was unsuccessful in demonstrating that the Court could exercise personal jurisdiction over Carmichael. Carmichael was a Colorado resident with no contacts to Arizona, and the Court rejected each of Plaintiff's arguments. Second, there is no evidence that Carmichael could have avoided the litigation; Plaintiff chose to sue him. Third, although Plaintiff claims he will suffer financial hardship, he provides no evidence of his current financial situation. The Court is therefore unable to conclude that this factor weighs in favor of Plaintiff. Fourth, Carmichael achieved all of the relief sought in his motion to dismiss, and the issues involved were straightforward. Fifth, a fee award will not deter future litigants from pursuing similar claims, as a reasonable investigation should have shown that Carmichael was not subject to jurisdiction in Arizona.

### C. Reasonableness of Fees.

In analyzing whether attorney's fees are reasonable, the Court looks to whether the hourly rate is reasonable and whether the hours expended on the case are reasonable. *Schweiger v. China Doll Rest., Inc.*, 673 P.2d 927, 931-32 (Ariz. Ct. App. 1983). "Once a party establishes its entitlement to fees and meets the minimum requirements in its application and affidavit for fees, the burden shifts to the party opposing the fee award to demonstrate the impropriety or unreasonableness of the requested fees." *Nolan v. Starlight Pines Homeowners Ass'n*, 167 P.3d 1277, 1286 (Ariz. Ct. App. 2007).

Carmichael argues that a fee award of $18,629.88 is reasonable. In support, counsel submitted a copy of the fee agreement executed between counsel and Carmichael (Doc. 64-2), a task-based itemized statement of fees and expenses (Doc. 64-3), and an affidavit prepared by counsel attesting to the work performed in connection with the case (Doc. 64-4). The documents show that counsel charged an hourly rate of $320 and worked 150 hours on this matter. Doc. 64-2 at 7. Counsel then discounted the fees and split them in half between Carmichael and Coltrell. Doc. 64 at 2.

The Court finds that the fees are reasonable given the hourly rate and time expended in the matter. Plaintiff does not challenge the reasonableness of the fees or take

issue with any of Carmichael's calculations, and thus has failed to meet his burden under *Nolan*.  Accordingly, the Court will exercise its discretion and award Carmichael attorneys' fees and costs in the amount of $18,639.88.

**IT IS ORDERED** that Defendant's motion for final judgment (Doc. 63) is **denied**, and his motion for attorneys' fees (Doc. 64) is **granted**.  Defendant Carmichael is awarded attorneys' fees and costs of $18,639.88.

Dated this 1st day of July, 2015.

David G. Campbell
United States District Judge