**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert D. Maguire,<br><br>        Plaintiff,<br><br>v.<br><br>Cathleen A. Coltrell, et al.,<br><br>        Defendants. | No. CV-14-01255-PHX-DGC<br><br>**ORDER** |

      Plaintiff Robert Maguire has filed a motion for leave to take a trial deposition of witness Brian Maguire.  Doc. 79.  The motion is fully briefed and no party has sought oral argument.  The Court will grant the motion.

      The discovery period in this case ended on December 19, 2014.  Doc. 11.  Trial will begin on October 13, 2015.  Plaintiff listed Brian Maguire as a witness in the final pretrial order (Doc. 73 at 19-20), and has now learned that Brian Maguire must be in Singapore on business during the dates of the trial (Doc. 79 at 2).  Plaintiff seeks leave to conduct a brief telephone deposition to preserve his trial testimony.  Defendant argues that the deposition should not be permitted because Brian Maguire's testimony will be cumulative and irrelevant and Plaintiff therefore cannot show "compelling circumstances that would cause a miscarriage of justice."  Doc. 83 at 4.

Some courts have distinguished between trial depositions (sometimes referred to as *de bene esse* depositions) and discovery depositions, holding that discovery deadlines apply only to discovery depositions. *See, e.g., Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 355 (D. Colo. 2001). The Court does not agree with these decisions. The Federal Rules of Civil Procedure govern deposition practice in federal court, and they make no distinction between trial and discovery depositions. As one court has explained:

> The current version of the Federal Rules of Civil Procedure . . . make no provision or mention whatsoever of depositions *de bene esse*. Once an action has been filed, Rules 30 through 32 recognize a "deposition" as a recorded statement of a party or witness that can be used by a party for any purpose, whether it be pure discovery, source of impeachment, or trial testimony for a case in chief. Rule 27, by contrast, codifies a procedure for obtaining a deposition before litigation ensues to obtain discovery necessary to ascertain facts for use in a later-filed action. But other than this unique and rarely-used rule, a "deposition" taken once an action has commenced has but one meaning and definition: a deposition as a discovery device under Rule 30.

*Smith v. Royal Caribbean Cruises, Ltd.*, 302 F.R.D. 688, 690 (S.D. Fla. 2014).

Many other courts agree. *See*, *e.g.*, *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1362 n. 8 (11th Cir. 2002) ("The district court's identical treatment (for timing purposes) of discovery and *de bene esse* depositions is consistent with the language of the Federal Rules of Civil Procedure, which draw no distinction between the two."); *Smith*, 302 F.R.D. at 690; *White v. Novartis Pharm. Corp.*, No. CIVS06-0665 WBS GGH, 2010 WL 2557198, at *1 (E.D. Cal. June 21, 2010) ("Plaintiff's assumption that *de bene esse* depositions, essentially trial depositions pursuant to Fed. R. Civ. P 32(a)(4), are not governed by scheduling orders is erroneous."); *Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 558 (S.D. Cal. 1999) ("The Federal Rules of Civil Procedure do not distinguish between depositions taken for discovery purposes and those taken strictly to perpetuate testimony for presentation at trial."); *Henkel v. XIM Products, Inc.*, 133 F.R.D. 556, 557 (D. Minn. 1991) ("Neither the Rules of Civil Procedure nor the Rules of Evidence make any distinction between discovery depositions and depositions for use at

trial.").

Because there is no distinction between trial and discovery depositions, the deposition of Brian Maguire is governed by the Court's case management order and should have been taken before December 19, 2014. Rule 16 provides, however, that deadlines established in a case management order may be modified "for good cause[.]" Fed. R. Civ. P. 16(b)(4). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 Advisory Comm. Note (1983 Am.). Thus, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *see also Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

Plaintiff could have deposed Brian Maguire during the discovery period, preserving his testimony for trial, but Plaintiff explains that he expected Brian—who is his brother—to be available to testify at trial. Plaintiff did not foresee that Brian would be required by his business to be in Singapore during the trial.

Defendant does not argue that Plaintiff failed to act diligently. She argues instead that Brian Maguire's testimony would be cumulative and irrelevant, and that Plaintiff therefore cannot show that taking his deposition is required by compelling circumstances to avoid manifest injustice.

The Court concludes that the appropriate test in this case is good cause under Rule 16(b)(4). Plaintiff does not seek to modify the final pretrial order, which would be permitted "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). Brian Maguire and the substance of his proposed testimony were included in the final pretrial order. Doc. 73 at 19-20. Plaintiff instead seeks to extend the deposition deadline, which requires good cause. Fed. R. Civ. P. 16(b)(4). The Court concludes that Brian Maguire's unexpected unavailability satisfies the good cause standard, and will permit the telephone deposition. The Court will rule on Defendant's relevancy and cumulative-evidence objections at trial.

**IT IS ORDERED** that Plaintiff's motion for leave to take a trial deposition of Brian Maguire (Doc. 79) is **granted**.  The parties shall agree upon a convenient time for the deposition before trial.

Dated this 29th day of September, 2015.

_____
David G. Campbell
United States District Judge